COCHRAN *v.* B. & O. R.R., APPELLANT; BURER, APPELLEE.

(No. CA 73-08-0059—Decided May 6, 1974.)

*Messrs. Lindhorst & Dreidame* and *Mr. James L. O'Connell* of counsel for appellant third party plaintiff B. & O. Railroad.

*Messrs. Paxton & Seasongood* and *Mr. Jacob K. Stein* of counsel, appellee, third party defendant Robert J. Burer.

PALMER, J. The plaintiff, an employee of the Baltimore & Ohio Railroad Company (hereinafter referred to as the railroad), filed a complaint against the railroad under the Federal Employees' Liability Act, 45 U. S. C., Section 51 et seq., for damages resulting from a collision between the railroad's train and a school bus on February 8, 1971, alleging that his "injuries were occasioned by the negligence of the defendant and its failure to provide him a safe place to work." The railroad filed its answer and its third party complaint against Burer, the appellee here, alleging that plaintiff was the engineer in full control of the railroad's train at the time of the collision with the school bus operated by Burer, and asserting in the complaint that if there was negligence on the part of the railroad, apart from that of the plaintiff, such negligence was "passive and secondary only," whereas the negligence of Burer was "active and primary," in failing to yield the right of way to the train, in failing to keep a proper lookout, and in failing to heed warning signals. It further asserted that if the railroad should be held to be liable to plaintiff, it was entitled to indemnification from Burer. Burer then filed a motion for a judgment on the pleadings under Civil Rule 12(C) as to the third party complaint. From a judgment entry granting this motion and dismissing the third party complaint, this appeal is taken.

The railroad's argument raised by its single assignment of error may be summarized as follows: While there is, admittedly, no contribution between joint tortfeasors in this jurisdiction, there is a right of indemnification from one primarily or (it is argued) "actively" liable to one held secondarily or "passively" liable, and the instant appeal presents such primary-secondary or "active-passive" dichotomy entitling the railroad to have the allegations in its third party complaint considered. This argument assumes that at the stage of proceedings at which the action of the trial court arrested matters, the railroad must be considered the secondary-passive agent since all it is ac-

cused of is the failure to furnish a safe place to work; whereas, the appellee school-bus driver who is charged with negligently driving the school bus onto the intersection where it was struck by the train must be considered the primary-active agent of the injury.

We have reviewed the arguments and authorities advanced by the railroad in support of his position, but have concluded that the law of Ohio was properly stated by the trial court, and no error attended its application in granting judgment to the appellee. It is clear beyond doubt that while Ohio does not permit contribution among joint tortfeasors (*Royal Indemnity Co. v. Becker*, 122 Ohio St. 582), in certain well-defined situations a general right of indemnification may exist from one tortfeasor to another. The most obvious situation permitting such relief is where an actual *contract of indemnification* exists between two tortfeasors. Where such is the case, a third-party complaint against the indemnifying tortfeasor would obviously be well pleaded. It is conceded, however, that no such contract existed here, and the railroad does not rely on this authority.

A second situation permitting indemnification is one where an *implied* contract of indemnification may be said to exist. (*Maryland Casualty Co. v. Frederick Co.*, 142 Ohio St. 605, 607, citing 31 Corpus Juris 447, Section 47.) These are situations where two or more parties, not in *pari delicto*, nevertheless share a common duty toward the injured party, or are combined in some degree or form to achieve a common purpose affecting the injured party. Examples of this situation are explored in *Losito v. Kruse*, 136 Ohio St. 183, and include situations: (a) where a retailer is held accountable in damages for the sale of unwholesome food sold to him by a wholesaler who failed to disclose its condition; (b) where a municipality is held in damages for the dangerous condition of its streets and sidewalks caused by the negligence of an abutting owner; (c) where one employs an independent contractor to perform work for him, the negligent performance of which will have the probable effect of injury to another; and (d) where a principal delegates authority to an agent who commits a tortious act while in the scope of such employment.

Other examples may be added to the foregoing: an owner was held in damages for the dangerous condition of his property caused by the negligent or tortious act of his tenant or other person in temporary charge and occupancy (*Maryland Casualty Co.* v. *Frederick Co., supra*); the liability of the owner of a restaurant was termed "vicarious" or "secondary" (*The Globe Indemnity Co.* v. *Schmitt*, 142 Ohio St. 595, paragraph 2 of the syllabus). Similarly a gas utility company was held liable in damages for a dangerous condition in a gas line caused by the negligent acts of a contractor in striking such line while excavating a trench. (*Ohio Fuel Gas Company* v. *Pace Excavating Company*, 91 Ohio Law Abs. 184.)

All of the Ohio decisions cited to us as relevant to the issue on appeal appear to fall within one or another of the above categories. Exemplifying relationships variously described as "primary and secondary" (*Losito* v. *Kruse, supra*, at 187) or inexactly and unhelpfully characterized as "active and passive" (see *Ohio Fuel Gas Company* v. *Pace Excavating Co., supra*, at 190 for an example of troubled semantic backwaters resulting from the use of these two adjectives). or described as concurrent *but neither joint, nor independent* tortfeasors (*Maryland Casualty Co.* v. *Frederick Co., supra*, at 610-612), or generally as "vicarious" relationships, these cases illustrate instances where the right of indemnity is held appropriate. It is apparent that in all of them the uniting thread is the existence of a common duty toward or a common goal affecting the injured party shared by two or more persons or entities not otherwise acting in concert or in *pari delicto*. Where, under such circumstances, one of the tortfeasors "did not participate in the act or omission causing the injury" (*Maryland Casualty Co.* v. *Frederick Co., supra*, paragraph 1 of the syllabus), or perhaps where his participation is indirect, implied, or remote, his liability will be deemed "secondary" and the law will *imply* an agreement of indemnity from the other participating person primarily liable.

If, on the other hand, the two are acting in *concert*, and are in *pari delicto*, then, they become joint tortfeasors between whom no contribution is allowable. If not acting in concert. if they also do not share a common duty to-

ward or common goal affecting the injured party, they become merely *independent* tortfeasors whose negligence concurs to produce an injury, without the right of contribution or indemnification. We think the instant appeal falls within the latter category of cases.

The duty of the railroad toward the plaintiff was to furnish him with a safe place to work. However the breach of this duty may be particularized by the plaintiff on a trial of the issues, it does not seem to us conceivable that it could ever be shared or made common with the duty owed by Burer toward the plaintiff, to yield the right of way, to keep a proper lookout, and to heed warning signals at an intersection. The only "common duty" of the railroad and Burer toward the plaintiff that we can comprehend is the universal duty not to wrongfully injure him, but the common duty of the world not to commit a tort against the plaintiff's person is not the sort of common duty which gives rise to a right of indemnification between otherwise independent tortfeasors whose negligence happens to concur to produce the injury. The two duties, one to furnish a safe place to work and the other to observe the law of railroad crossings, are, in fact, independent, and where there exists a concurrent breach of those independent duties, as alleged here, joint and several liability arises, but without contribution or indemnification between the concurrent tortfeasors. *Meyer* v. *Cincinnati Street Railway Co.,* 157 Ohio St. 38.

It follows that the trial court did not err in granting appellee's motion for a judgment on the third party complaint, and appellant's assignment of error is accordingly not well taken and is denied.

The judgment of the Court of Common Pleas of Butler County, Ohio, is affirmed.

HESS, P. J., and SHANNON, J., concur.