WILLIAMS ET AL., APPELLEES, *v.* ASHLAND CHEMICAL COMPANY, APPELLANT; EASTMAN KODAK COMPANY ET AL., APPELLEES.

(No. 76AP-11—Decided July 13, 1976.)

*Mr. Thomas E. Moloney,* for appellees Wendell and Lois J. Williams.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt* and *Mr. William T. McCracken,* for appellant.

*Messrs. Lane, Alton & Horst,* for appellees Eastman Kodak Company and Eastman Chemical Products.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Robert E. Leach* and *Mr. Edgar A. Strause,* for appellees Borden, Inc., Edward L. Mahoney, and Dewey Bennett.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt* and *Mr. Theodore D. Sawyer,* for appellee Arco Chemicals.

*Messrs. Wright, Harlor, Morris & Arnold* and *Mr. Charles C. Warner,* for appellee Shell Chemical.

*Messrs. Young & Alexander* and *Mr. Thomas E. Jenks,* for appellee Celanese Chemical.

*Messrs. Alexander, Ebinger, Holschuh, Fisher & McAllister,* for appellee Exxon Chemical.

*Messrs. Power, Jones & Schneider,* for appellee Union Carbide.

82

*Messrs. Glander, Brant, Ledman & Newman,* for appellee Texaco, Inc.

*Messrs. Knepper, White, Richards & Miller* and *Mr. Louis E. Gerber,* for appellee Tag Chemical.

*Messrs, Wright, Harlor, Morris & Arnold,* for appellee William T. Paul, M. D.

HOLMES, J. The appeal of this case, and the other consolidated cases considered concurrently herein, represents another phase of the considerably complex legal issues presented in a number of civil actions for damages brought by the employees or former employees of the Columbus Coated Fabrics, a division of defendant Borden, Inc. These actions seek damages for serious physical injuries received by these plaintiff employees, occasioned by the use of the allegedly dangerous chemicals known as MBK and MEK, in the course of their employment within the manufacturing process of Columbus Coated Fabrics.

The named defendants in these actions, in addition to the employer Borden, Inc., included certain individual officers and/or agents of the defendant Borden, and certain manufacturers and suppliers of the named chemicals.

This specific appeal and the other appeals in the consolidated cases are from judgments of the Court of Common Pleas of Franklin County, which granted summary judgments to the defendant Borden, Inc., and the individual defendants Edward L. Mahoney and Dewey Bennett who were named as officers and agents of the defendant Borden, and for the individual defendant Dr. William T. Paul, named as the physician employed by the corporate defendant Borden. Such judgments were entered upon the counterclaims of the defendant Ashland Chemical Company, one of the distributors of MBK and MEK.

As part of its answer to the plaintiffs' complaint, Ashland, appellant herein, filed cross-claims against the defendants Borden, Mahoney, Bennett and Paul, alleging that "the defendant Borden, Inc., through its misuse of the said chemicals, its misapplication of said chemicals, its failure to comply with recommendations made by govern-

mental agencies, and its failure to furnish the plaintiffs a safe place to work has proximately caused the plaintiffs' injuries."

Further in its cross-claims against the defendant Borden, the defendant Ashland sought indemnification against Borden in the following language: "If it should be found that this defendant is liable to the plaintiffs for the distribution of the said chemicals, the defendant Borden, Inc., is liable to this defendant for the amount of such recovery by reason of their negligence, negligence in the misuse, the misapplicable [sic], its failure to comply with recommendations of the governmental agencies, and its failure to furnish plaintiffs a safe place to work."

As stated, upon the motion of the defendant Borden and the individual defendants Mahoney and Bennett, the trial court entered a summary judgment for these defendants, stating as follows:

"Upon consideration of the foregoing motion, the court finds from the pleadings and affidavits filed in this action that there is no genuine issue as to any material fact with respect to the assertion in Ashland Chemical Company's cross-claim of a right to recover from Borden, Inc., any sums of money which might be recovered herein by the plaintiffs by judgment against Ashland Chemical Company.

"This court holds, as a matter of law, that in the event the plaintiffs herein, employees of Borden, Inc., are awarded judgments against Ashland Chemical Company, there would be no legal obligation on the part of Borden, Inc., to indemnify or reimburse Ashland Chemical Company for any sums paid by it to plaintiffs in satisfaction of such judgments."

The trial court thereafter stated that, specifically pursuant to Civ. R. 54(B), the judgment constituted a final judgment with respect to such cross-claim of Ashland, and specifically found that there was no just reason to delay such final judgment.

Also, upon the motion by the individual defendant Dr. William T. Paul, M. D., the trial court entered a summary

84

judgment in the doctor's favor on the cross-claim of the defendant Ashland.

The defendant Ashland appeals these consolidated cases to this court, setting forth the two assignments of error in its brief, as follows:

"1. The trial court erred in ruling that no implied contract of indemnity can be found as a matter of law and that appellant's claims are barred by the workmen's compensation statutes.

"2. The trial court erred in ruling that there was no genuine issue of material fact with regard to whether defendant, Dr. Paul, was an employee of defendants, Columbus Coated Fabrics and/or Borden, Inc."

First we should dispose of the assignment of error as it relates to Dr. Paul, a defendant in two of the five cases appealed hereto.[1] Pleadings filed by the plaintiffs in the *Beard* and *Allen* cases allege within their complaints that the defendant Dr. Paul was employed by Borden, Inc. This court, in our decision in *Allen* v. *Eastman Kodak Co.*, No. 75AP-365, rendered on February 3, 1976, determined that the defendant Borden was a complying employer within the Ohio Workmen's Compensation Act, and was therefore not subject to individual civil actions for damages by the employees of Borden, Inc., for injuries claimed to have been sustained in the course of their employment. The employer's immunity from suit is, pursuant to R. C. 4123.741, extended to fellow employees of the complaining employees.

In the case of *Proctor* v. *Ford Motor Co.* (1973), 36 Ohio St. 2d 3, the Supreme Court of Ohio held that a company physician could be found to be an "employee" for purposes of immunity from suit pursuant to the workmen's compensation law.

The pleadings themselves would tend to support a finding by the trial court that Dr. Paul was an "employee" of Borden. In its answer to the plaintiffs' complaints in

___

[1]*Allen* v. *Ashland Chemical Co.*, Court of Appeals for Franklin County, No. 76AP-10, decided July 13, 1976; *Beard* v. *Ashland Chemical Co.*, Court of Appeals for Franklin County, No. 76AP-7, decided July 13, 1976.

the *Allen* and *Beard* cases, Ashland admitted "that the defendants Mahoney, Bennett and Paul were employed by Borden, Inc."

Additionally, there was no affidavit or other permissible showing upon summary judgment that Dr. Paul was other than an employee of Borden. Therefore, the second assignment of error of appellant Ashland is hereby dismissed.

As to the first assignment of error, pertaining to the claimed error of the trial court in entering summary judgments for Borden and the individuals Mahoney and Bennett, on the cross-claim of the defendant Ashland, we hold that the trial court correctly determined that there was no genuine issue as to any material fact with respect to the allegations within the cross-claim of Ashland as to its right to recover indemnification from Borden, Inc.

Further, for the reasons set forth hereinafter, we hold that within the framework of these cases there would be no indemnification obligation on the part of the defendant Borden, Inc., running to defendant Ashland Chemical Company. Stated in another manner, we are unable to foresee any possibility of Ashland having to pay damages that should have been paid by the defendant Borden.

As a general proposition of law, it may be stated that indemnity arises from contract, express or implied, and is a right of a person, who has been compelled to pay what another should have paid, to require complete reimbursement. *Travelers Indemnity Co.* v. *Trowbridge* (1975), 41 Ohio St. 2d 11.

Broadly speaking, the law applied by the trial court in the determination of these cases was to the effect that in order for there to be any indemnification required to flow from the defendant Borden, Inc., the employer, complying with the Ohio workmen's compensation laws, to the defendant Ashland, the supplier, there must be found to have been an *express* agreement of indemnification present.

The trial court, in a number of the cases here, pointed out that Ashland had not alleged that there was in fact such an express agreement of indemnity by and between

Ashland and Borden, Inc. The trial court in the *Williams* case went even further and stated: "This court rules as a matter of law that no implied contract of indemnity can be found existent in the purchase contract between Ashland and Borden."

Nowhere within the record of any of these consolidated cases can this court find an exhibit of such a purchase contract between Ashland and Borden, and there have been no allegations either in the cross-claim or in any affidavits, stipulations, or other allowable materials submitted to the trial court upon summary judgment, that there was in fact an *express* agreement of indemnification.

The trial court, in the *Williams* case, basically relied upon *Bankers Indemnity Ins. Co.* v. *Cleveland Hardware & Forging Co.* (1945), 77 Ohio App. 121, in support of the proposition that there could be no liability found upon the part of the complying employer. The third paragraph of the syllabus of the *Bankers* case, pointedly referred to by the trial court, is as follows:

"Under the Workmen's Compensation Act, a subscribing and complying employer is relieved of any liability at common law because of injuries, death or occupational disease that befall his employees while acting in the course and scope of their employment, and such relief from liability extends to a case where a third person, having paid damages for the death of employees of such employer in an action based on the third person's negligence, seeks to recover from the employer the amount of damages paid, on the ground that the liability of the employer is primary and that of the third person secondary."

After an analysis of the various decisions of the courts in Ohio on this subject, we conclude that the legislature in enacting the provisions of Ohio's workmen's compensation laws, and in carrying out the constitutional mandates thereon, clearly indicated its intention to provide against liability of the employer to *anyone* for damages arising from any injury, disease or bodily condition of an employee arising out of his employment. Such a legal principle may be concluded from the cases of *Bevis* v. *Armco Steel Corp.* (1951), 156 Ohio St. 295; *Daniels* v. *MacGregor Co.* (1965),

2 Ohio St. 2d 98; *Bankers Indemnity Ins. Co.* v. *Cleveland Hardware & Forging Co., supra;* and *Ray* v. *G. W. Atkinson & Son,* unreported, Franklin County Court of Common Pleas, No. 241-157, decided January 20, 1972.

However, even though the case law seems to be clear that a complying employer is immune from liability for damages that might be asserted in actions at law for the injuries received by his employees in the course of their employment, the employer may by contract waive such immunity and agree to indemnify others for their having responded in damages to the injured employee.

In accordance with this principle, we find the following in the case of *Republic Steel* v. *Glaros* (1967), 12 Ohio App. 2d 29, at page 31:

"Both Section 35, Article II of the Ohio Constitution, and Section 4123.74 of the Revised Code provide that employers who comply with the workmen's compensation law 'shall not be liable to respond in damages at common law or by statute' for any injury received by any employee in the course of or arising out of his employment.

"Defendant contends that the term 'common law' includes contract actions under the provisions of Section 35, Article II of the Ohio Constitution, and Section 4123.74 of the Revised Code. However, the right to contract is guaranteed by Section 1, Article I, and Section 28, Article II of the Ohio Constitution, as well as Section 10, Article I, and the Fourteenth Amendment to the United States Constitution. 10 Ohio Jurisprudence 2d 573, Constitutional Law, Section 503. We, therefore, hold that the term 'common law' as used in Section 35, Article II of the Ohio Constitution, and Section 4123.74 of the Revised Code does not include express contracts."

The court, in *Glaros,* then cites the case of *St. Paul Mercury Indemnity Co.* v. *Kopp* (1954), 70 Ohio Law Abs. 259, and states:

"[This case] is precisely in point with the instant case. It upheld the validity of the indemnity agreement even though workmen's compensation benefits had been paid." (Page 33.)

In *Bevis, supra,* a case where the Supreme Court den-

ied an action for loss of consortium against a complying employer by an employee's wife, Judge Taft alludes to the decision in *American Mutual Liability Insurance Co.* v. *Matthews* (C. A. 2, 1950), 182 F. 2d 322, wherein Judge Swan stated:

"[B]y contract an employer may become bound to indemnify his promissee [*sic*] against liability resulting from improper performance of the work undertaken by the employer." Judge Taft proceeds to discuss the right of complying employers to waive this immunity and by contract agree to indemnify others, using the following language at page 305 of *Bevis*.

"In such cases the employer has undertaken by agreement to assume an obligation to indemnify, notwithstanding that the provisions of the statutes relative to workmen's compensation would otherwise provide him with immunity from such an obligation. That immunity is obviously not of such a character that it cannot be so waived. * * *"

Judge Taft then calls to our attention the necessity of such a contractual agreement by the employer in order for a waiver to be effected. At page 306 of the decision, we find the following:

"With respect to cases where there is no such contractual agreement by the employer to indemnify, Swan, J., stated in the court's opinion in the *Matthews case*:

" 'To impose a noncontractual duty of contribution on the employer is *pro tanto* to deprive him of the immunity which the statute grants him in exchange for his absolute, though limited, liability to secure compensation to his employees.' "

The appellant argues, however, that the law of Ohio is that even in the absence of an *express* agreement of indemnity the law may still apply such an agreement under the circumstances of this case, citing *Cochran* v. *B. & O. R. R.* (1974), 41 Ohio App. 2d 186.[a]

It must be noted that *Cochran* was not an action against

---

[a] A motion to certify the record in this case was overruled by the Supreme Court of Ohio.

an employer amenable to and complying with the workmen's compensation laws. Such case involved an action against a railroad company by one of its employees who had been injured in a train wreck with an automobile driven by a third party. The railroad claimed indemnification from such third party on the theory that it was only secondarily liable.

We hold that the law applicable to these cases is as expressed in the cases of *Bevis* v. *Armco Steel Corp.* and *Bankers Indemnity Ins. Co.* v. *Cleveland Hardware & Forging Co.*, *supra*, as those cases, as does this case, deal with complying employers under the workmen's compensation laws of the state of Ohio. In order for such a complying employer to be held to have waived his immunity relating to actions by third parties for indemnification arising out of the injuries of employees, there must be found to be an express agreement on the part of the employer giving rise to such third party's right of indemnification.

Even absent the Ohio constitutional and statutory protections provided complying employers under the workmen's compensation laws in Ohio, it is rather clear that, based upon the common law pertaining to contribution or indemnification between tortfeasors, Ashland Chemical Company would not have a right to either contribution or indemnification from the defendant Borden, Inc.

At the outset, it must be stated that in order for Ashland to be found liable to the employees of Borden, there must, as is generally required in negligence actions, be a finding of "fault" on the part of Ashland. Such "fault" could conceivably be found on the basis of proof of the negligence of Ashland in the distribution process of the involved chemicals, or could be found by way of proof of the requisite elements of "products liability"—*i. e.*, the products sold by Ashland to Borden were not fit for the purposes for which they had been purchased.

If there be "fault" of either type found by the trier of the facts, such fault would be independent of any subsequent "fault" as might be found to be occasioned by the defendant Borden, and the individual defendants Mahoney

90

and Bennett, within the manufacturing process and use of such chemicals. Any independent negligence on the part of Ashland, and for which it responded in damages, could not give rise to an obligation on the part of Borden to indemnify Ashland.

Also, if acts of negligence on the part of Ashland are found to be joint or concurrent negligence with the defendant Borden, which acts had occassioned the claimed injuries of these plaintiffs, there could be no right of indemnification in favor of Ashland. Under the general rule, there may be no right of contribution or indemnification as between joint or concurrent tortfeasors. *Royal Indemnity Co.* v. *Becker* (1930), 122 Ohio St. 582; *United States Casualty Co.* v. *Indemnity Ins. Co.* (1935), 129 Ohio St. 391; *Massachusettes Bonding & Ins. Co.* v. *Dingle-Clark Co.* (1943), 142 Ohio St. 346; and *Maryland Casualty Co.* v. *Gough* (1946), 146 Ohio St. 305.

However, Ashland argues here that the application of the principle in negligence law of "primary" and "secondary" liability of the instant parties would give rise to an *implied* contract of indemnity flowing from Borden to Ashland.

The principle advanced by appellant is that which has been referred to in case law and text variously as "primary" versus "secondary," "derivative," "constructive," or "vicarious" liability. See *Globe Indemnity Co.* v. *Schmilt* (1944), 142 Ohio St. 595, and *McClish* v. *Niagara Machine & Tool Works* (S. D. Ind. 1967), 266 F. Supp. 987.

The basis of such principle has been set forth in the leading case of *Maryland Casualty Co.* v. *Frederick* (1944), 142 Ohio St. 605, as follows, in the first and second paragraphs of the syllabus:

"1. Where a person injured through the violation of a common duty owed by two persons, sues and recovers from one of the persons owing the common duty and such person against whom recovery is had did not participate in the act or omission causing the injury, such latter person is only secondarily liable and upon payment of the judgment and expenses is entitled to idemnity from the one primarily

liable, *i. e.*, the one whose act or omission gave rise to the right of action.

"2. Where judgment in a tort action is had against a party only secondarily or vicariously liable for the violation of a common duty owed by two persons, upon the payment of such judgment and necessary expenses by such party, there arises an implied contract of indenmnity in favor of the party secondarily liable against the person (or persons) primarily liable."

The cases that have applied this principle of indemnity show factual situations involving concurrent but related tortfeasors where the one committing the wrong is so related to a secondary party as to make the latter also liable for the commission of the wrong. *Losito* v. *Kruse* (1940), 136 Ohio St. 183.

Judge Hart sets forth examples of such relationships in *Losito,* as follows:

"1. Where a retailer is held in damages for the sale of unwholesome food which was prepared and sold to him by a wholesaler without disclosure of its condition. * * *

"2. Where a municipality is held in damages for the dangerous condition of its streets or sidewalks caused solely by the negligent acts of an abutting property owner or another * * *.

"3. Where one employs an independent contractor to do work for him, the necessary or probable effect of the negligent performance of which will be to injure third persons. * * *

"4. Where one as principal or master delegates a course of action to his agent or servant, who, while acting within the scope of his authority or employment as to such course of action, commits a tortious act resulting in injury to a third person. * * *" (Page 185.)

In each of these categories, it may be readily seen that the party who is primarily liable for damages is the wholesaler, abutting property owner, independent contractor, and servant, respectively. Those who are held to be secondarily liable in the examples are the retailer, the municipality, the employer, and the master, respectively.

Applying such examples to the instant case, the defendant Borden, being the vendee of the chemical products, may reasonably be likened to the retailer and be held to be secondarily, rather than primarily, liable for any alleged damages arising out of the use of the chemicals.

The mere fact that a product has been sold by a vendor to a vendee does not per se make the vendee of the product primarily liable and the vendor secondarily liable, and thereby establish an implied contract of indemnity running in favor of the vendor.

Pertinent to this point, the following statement is to be found in the decision of *McClish* v. *Niagara Machine & Tool Works, supra,* at page 991: "* * * [W]hen the sole contractual relationship between the parties is merely that arising out of a fully executed sales contract, the warranties run from the manufacturer to the purchaser and ultimate users, and not the reverse. * * *"

The case of *Cochran* v. *B. & O. R. R., supra,* stands for the proposition that there may be an implied contract of indemnity running in favor of a party secondarily liable where such party, not acting in *pari delicto,* but having a common duty toward the injured party has assumed the burden of compensating the injured party. Such holding is in accord with *Maryland Casualty Co.* v. *Frederick* and *Losito* v. *Kruse, supra,* in that in all of these cases the indemnity flows from the party primarily responsible to the party secondarily responsible, and not the reverse.

We find nothing within the cross-claim of Ashland, nor within the case law to be applied to the issues here, that would dictate a conclusion that, absent the applicability of the workmen's compensation laws, there could be indemnification required of defendant Borden to defendant Ashland.

In any event, as we have previously stated herein, we hold that an employer complying with the workmen's compensation laws of the state of Ohio, absent an express agreement providing otherwise, is relieved of any claims for indemnification by a third person who has responded in damages because of injuries received by an employee of

the complying employer during the course of his employment.

Based on all of the foregoing, the assignments of error of the Ashland Chemical Company are hereby overruled, and the judgment of the Court of Common Pleas of Franklin County is hereby affirmed.

*Judgment affirmed.*

WHITESIDE and McCORMAC, JJ., concur.