DAVIS *v.* CONSOLIDATED RAIL CORPORATION, APPELLANT; FORD MOTOR COMPANY, APPELLEE.

(No. C-800645—Decided September 16, 1981.)

*Mr. Robert L. Davis,* for appellant.

*Messrs. Rendigs, Fry, Kiely & Dennis* and *Mr. Michael E. Maundrell,* for appellee.

BLACK, J. Third-party plaintiff, Consolidated Rail Corporation (Conrail), seeks reversal of the trial court's ruling granting the motion of third-party defendant, Ford Motor Company (Ford), for summary judgment.[1] Conrail contends in its single assignment of error that summary judgment was erroneously granted because genuine issues of material fact exist concerning Ford's duty to indemnify Conrail for a suit brought against Conrail by a Ford employee. We find no merit in Conrail's contention.

Plaintiff, Billy Davis, is a forklift operator employed by Ford to load and unload automotive transmissions from railroad boxcars owned and operated by Conrail while they are located inside Ford's Fairfax (Ohio) plant. On the day in question, Davis was injured when a door fell from a boxcar and struck him. He had just finished loading the boxcar, and together with another Ford employee and two Conrail employees, he had begun to close the door. We know nothing about the cause of the door's fall beyond the allegations in the pleadings. The record is silent about whether negligence caused it to fall, and if so, whose negligence.[2]

After Davis began receiving benefits under his claim for workers' compensation, he sued Conrail for personal injury. Conrail filed its third-party complaint against Ford seeking indemnification for any recovery by Davis, predicated on Ford's liability under the terms of a "sidetrack agreement" between Ford and Conrail wherein Ford agreed to indemnify Conrail for an act or omission of Ford or its employees causing damage or injury to either party or their respective employees, and to bear equally with Conrail any loss arising from their joint or concurrent negligence.

Conrail contends that the court erred in granting Ford's motion for summary judgment because, on the record, it is unresolved whether the injury was caused by the sole or concurrent negligence of Ford. We disagree. We find no genuine issue of material fact, and we hold that Ford is entitled to judgment as a matter of law.

The Ohio Constitution[3] and the Ohio workers' compensation law[4] clearly re-

---

[1] The trial court found no just reason for delay and rendered a final judgment adverse to Conrail's third-party complaint without disposing of the other issues in the case, pursuant to Civ. R. 54(B).

[2] We reject Ford's argument that its filing of a motion for summary judgment supported only by Davis' deposition, which contains no information of any nature about the cause of the door's fall, throws on Conrail the burden to establish its lack of responsibility for the injuries. The issue of liability remained open and unresolved, considering the procedural posture of Conrail's claim as asserted in its third-party complaint and Ford's answer thereto.

[3] Section 35, Article II of the Ohio Constitution reads, in pertinent part, as follows:

"For the purpose of providing compensation to workmen and their dependents, for death, injuries or occupational disease, *occasioned in the course of* such workmen's employment, laws may be passed establishing a state fund to be created by compulsory contribution thereto by employers, and administered by the state, determining the terms and conditions upon which payment shall be made therefrom. Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease. * * *" (Emphasis added.)

[4] R.C. 4123.74 reads as follows:

"Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by

lieve an employer who complies with that law from liability to anyone for damages arising from an injury to an employee "occasioned in the course of" his employment. *Bevis* v. *Armco Steel Corp.* (1951), 156 Ohio St. 295 [46 O.O. 172]; *Williams* v. *Ashland Chemical Co.* (1976), 52 Ohio App. 2d 81 [6 O.O.3d 56]. The sole recourse against complying employers for occupational injuries sustained by their employees is through workers' compensation. The complying employer's immunity from having to "* * * respond in damages at common law or by statute for such * * * injuries * * *" (Section 35, Article II, Constitution) protects an employer from actions for indemnification by third parties, such as Conrail, who are or may be held liable to the employee for his workplace injury. The employer may, however, waive its immunity, *Bevis* v. *Armco Steel Corp.*, *supra*, but this can be done only by express waiver. See *Williams* v. *Ashland Chemical Co.*, *supra*.

The "sidetrack" agreement in the instant case provides, in pertinent part, the following:

"9. The Industry [Ford] also agrees to release, indemnify and hold harmless the Railroad [Conrail], its officers, employes and agents, for loss, damage or injury from any act or omission of the Industry, its officers, employes and agents, to the person or property of the parties hereto and their officers, employes and agents, and to the person or property of any other person or corporation, while on or about the side track. If any claim or liability, other than from fire caused by locomotives as aforesaid, shall arise from the joint or concurring negligence of both parties hereto it shall be borne by them equally."

This language creates a broad right of indemnification covering any number of possibilities, and while it might constitute a waiver of some other rights or immunities that the employer might have, it is insufficient, in our judgment, to waive the immunity given to a complying employer by the Ohio Constitution. We hold that a complying employer does not surrender its constitutional and statutory immunity from suits arising out of employment unless and until it executes a document specifically waiving that immunity. The general wording of paragraph No. 9 above is insufficient.

The assignment of error is overruled, and the judgment below is affirmed.

*Judgment affirmed.*

SHANNON and KEEFE, JJ., concur.

---

statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition occurring during the period covered by such premium so paid into the state insurance fund, or during the interval of time in which such employer is permitted to pay such compensation directly to his injured employees or the dependents of his killed employees, whether or not such injury, occupational disease, bodily condition, or death is compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code."