DURGIN ET AL., APPELLEES, *v.* DUGAN & MEYERS CONSTRUCTION, INC., APPELLANT; CONCRETE CONSTRUCTION SUPPLY, INC. ET AL., APPELLEES; DELTA STEEL CORP., THIRD-PARTY APPELLEE.

(No. 82AP-210—Decided September 9, 1982.)

*Grieser, Schafer, Blumenstiel & Slane Co., L.P.A.,* and *Mr. J. B. Blumenstiel,* for appellees.

*Messrs. Graham, Dutro & Nemeth* and *Mr. Robert H. Willard,* for appellant.

*Messrs. Williams & Deeg* and *Mr. Craig Denmead,* for appellee Concrete Constr. Supply, Inc.

*Mr. Robert J. Avey,* for appellee Delta Steel Corp.

REILLY, J. This is an appeal from a judgment of the Court of Common Pleas of Franklin County.

The record shows that plaintiff, William Durgin, filed a personal injury action against several parties, including defendant-appellant, Dugan & Meyers Construction, Inc. (hereinafter "defendant"). Subsequently, defendant filed a third-party complaint against plaintiff's employer, Delta Steel Corporation (hereinafter "Delta"), alleging it to be liable to indemnify defendant, pursuant to the terms of a sub-contract dated September 12, 1979.

Delta filed a motion for summary judgment on the ground that it was immune from suit as a complying employer under the Ohio Workers' Compensation Act. Defendant filed a memorandum contra asserting that Delta had by contract waived such immunity. The trial court, finding no just cause for delay, granted summary judgment to Delta.

Defendant, Dugan & Meyers Construction, Inc., now appeals and asserts the following assignment of error:

"The trial court erred in sustaining third-party defendant-appellee's motion for summary judgment."

It is undisputed that R.C. 4123.74 and Section 35, Article II, Ohio Constitution, specify the rule that a complying employer under the Ohio Workers' Compensation Act is immune from a suit arising from an employee's work-related injury. There is also no question that Delta was a complying employer.

Nonetheless, defendant argues that *Williams* v. *Ashland Chemical Co.* (1976), 52 Ohio App. 2d 81 [6 O.O.3d 288], allows the employer by contract to waive such immunity and agree to indemnify others for having responded in damages to the injured employee. Defendant contends that reasonable minds could differ as to whether Delta, by contract, waived such indemnity.

R.C. 2305.31, however, specifically makes the contract provision for such waiver void as against public policy. R.C. 2305.31 reads:

"A covenant, promise, agreement, or understanding in, or in connection with or collateral to, a contract or agreement relative to the design, planning, construction, alteration, repair, or maintenance of a building, structure, highway, road, appurtenance, and appliance, including moving, demolition, and excavating connected therewith, pursuant to which contract or agreement the promisee, or its independent contractors, agents or employees has hired the promisor to perform work, purporting to indemnify the promisee, its independent contractors, agents, employees, or indemnities against liability for damages arising out of bodily injury to persons or damage to property initiated or proximately caused by or resulting from the negligence of the promisee, its independent contractors, agents, employees, or indemnities is *against public policy and is void.* Nothing in this section shall prohibit any person from purchasing insurance from an insurance company authorized to do business in the state of Ohio for his own protection or from pur-

chasing a construction bond." (Emphasis added.)

Thus, the foregoing statute prohibits a contract provision by which the promisor indemnifies the promisee's negligence. The statute also prohibits a provision in which the promisor agrees to indemnify the promisee's independent contractors. In this case, the promisor is an independent contractor of the promisee. Hence, the promisor (Delta) cannot agree to indemnify the promisee (defendant) for even Delta's own negligence. Consequently, the statute applies to this case and renders the indemnity clause void as against public policy.

It is noteworthy that *Williams, supra,* is distinguishable since it was not a construction contract and did not involve R.C. 2305.31. The remaining cases cited by defendant were all decided prior to the enactment of R.C. 2305.31. In sum, R.C. 2305.31 is determinative in this case.

For the foregoing reasons, defendant's assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

McCORMAC and MARKUS, JJ., concur.

MARKUS, J., of the Eighth Appellate District, sitting by assignment in the Tenth Appellate District.