**Laverne CHADDOCK, et al., Plaintiffs,**

**v.**

**JOHNS–MANVILLE SALES CORP., et al., Defendants.**

**No. C–1–82–503.**

United States District Court, S.D. Ohio, W.D.

Dec. 6, 1984.

See also, D.C., 577 F.Supp. 937.

---

Stanley M. Chesley, Cincinnati, Ohio, for plaintiffs.

Frederick J. McGavran, Cincinnati, Ohio, for Johns-Manville Sales Corp.

Gordon C. Greene, Cincinnati, Ohio, for Celotex Corp.

C.J. DeMichelis, Cincinnati, Ohio, for Ric-Wil, Inc.

OPINION AND ORDER DENYING RIC–WIL, INC.'S MOTION FOR SUMMARY JUDGMENT

SPIEGEL, District Judge:

This matter is before the Court on defendant Ric-Wil, Inc.'s (Ric-Wil) motion for summary judgment (doc. 187) and plaintiffs' memorandum in opposition (doc. 195), and defendant Ric-Wil's reply (doc. 200). As developed below, we conclude that Ric-Wil's motion for summary judgment should be denied.

Ric-Wil's motion for summary judgment is based upon the contention that the doc-

trine of dual capacity has no application in this case. Specifically, Ric-Wil contends that any injury that may have been suffered by plaintiff's decedent Ronald Chaddock during his employment at Ric-Wil was visited upon him in his status as an employee. Therefore, under Section 35 of Article II of the Ohio Constitution and Ohio Revised Code § 4123.74, of Ohio's workers' compensation law, plaintiffs' remedies would be proceeding upon an intentional tort theory as contemplated by *Blankenship v. Cincinnati Milacron Chemicals*, 69 Ohio St.2d 608, 433 N.E.2d 572 (1982). Reduced to its essentials, Ric-Wil argues that plaintiff may not proceed against Ric-Wil on a products liability theory.

In contradiction, plaintiff asserts that Mr. Chaddock stood in relationship to Ric-Wil as a consumer of their asbestos insulation products as well as in an employee-employer relationship. Thus application of the dual capacity doctrine as recognized by the Ohio Supreme Court in *Guy v. Arthur H. Thomas Co.*, 55 Ohio St.2d 183, 378 N.E.2d 488 (1978) and subsequent opinions of that court and Ohio Courts of Appeals, permits plaintiff to lodge a strict liability claim against Ric-Wil.

The first Ohio case discussing the dual capacity doctrine was *Mercer v. Uniroyal, Inc.*, 49 Ohio App.2d 279, 361 N.E.2d 492 (Ottowa Cty.1976). *Mercer* involved a truck driver who, as a loaned servant, was Uniroyal's employee for the purposes of workers' compensation laws, was injured by an alleged defective Uniroyal tire on the truck he was driving. Noting that the hazard to which plaintiff was exposed was not necessarily one of employment but was one common to the public in general, the Court held that dual capacity doctrine applicable, and plaintiff's negligence claim was allowed to proceed.

The next Ohio case of significance was *Guy v. Arthur H. Thomas Co.*, 55 Ohio

St.2d 183, 378 N.E.2d 488 (1978). There the Court held that where an employer occupies a second or dual capacity that confers upon it obligations traditionally unrelated to and independent of those imposed upon it as an employer, an employee injured as a result of a violation of the obligation springing from the employer's dual capacity is not barred from tort recovery by either Section 35, Article II of the Ohio Constitution or Ohio Rev.Code § 4123.74. In reaching that decision, the Court noted that the determinant of dual capacity is not how separate the employer's second function is from the first but whether the second function generates obligations unrelated to those flowing from the employer's function as an employer. While instructive on the issue, *Guy* does not easily permit of direct application to the facts in the instant case. *Guy* involved an employee of a hospital who contracted mercury poisoning while working with hospital apparatus. The tort action was not for the contraction of the disease, but rather due to the hospital's failure to correctly diagnose the disease when she sought treatment. As one Ohio Court of Appeals has noted, dual capacity analyses are fact sensitive analyses. *Knous v. Ridge Machine Co.*, 64 Ohio App.2d 251, 258, 413 N.E.2d 1218, 1223 (Lucas Cty.1979). Therefore, simple application of *Guy* to the facts of the instant case yields no clear direction.

For reasons similar to the diminished utility of the *Guy* opinion, we reject any reliance on the Ohio Supreme Court's opinion in *Freese v. Consolidated Rail Corporation*, 4 Ohio St.3d 5, 445 N.E.2d 1110 (1983). The *Freese* opinion is expressly inapplicable to the facts in the instant case.[1]

When we limit the scope of our inquiry to those cases sufficiently analogous on their facts to be of assistance we are left with

---

1. The *Freese* court noted:
   This opinion does not address the issue of the obligation of the employer growing out of injury received by the employee due to alleged defective products manufactured by the employer and being used by the employee during the course of his employment. Such a cause was that of *Mercer v. Uniroyal*, (1976) 42 Ohio App.2d 279 [361 N.E.2d 492]. We are not confronted with like factual issues.
   4 Ohio St.3d at 9–10 n. 3, 445 N.E.2d at 1113–14 n. 3.

three cases, all decided by Ohio Sixth District Court of Appeals. They are: *Mercer v. Uniroyal, Inc.,* 49 Ohio App.2d 279, 361 N.E.2d 492 (Ottowa Cty.1976); *Knous v. Ridge Machine Co.,* 64 Ohio App.2d 251, 413 N.E.2d 1218 (Lucas Cty.1979); and most recently *Walker v. Mid-States Terminal, Inc.,* slip op. L–83–278 (Lucas Cty.Ct. App. March 9, 1984). The *Mercer* opinion has been discussed above and we incorporate that discussion into this segment of the opinion. The *Knous* case involved plaintiff's decedent who was employed as a die casting operator by the employer-defendant. While servicing his machine pursuant to his employment, the machine was accidentally activated and Mr. Knous was killed. In holding the dual capacity doctrine inapplicable, the court stressed that although the employer-defendant manufactured the machine, it did not market the machine to the general public, and for that reason recovery on a strict liability theory was not available. The court went on to distinguish *Mercer* by noting that it was happenstance that the plaintiff in *Mercer* was using a product manufactured by his employer, that the injured employee in *Mercer* was not in any manner involved with the manufacturing process as it related to the alleged defective product, and that the hazards to the employee did not arise out of employment but out of a hazard to the general public.

This series of cases from the Sixth District Court of Appeals culminates in the *Walker* opinion authored by Judge Douglas who was recently elected to the Ohio Supreme Court. In regard to the dual capacity issue, the *Walker* court held that an employer who manufactures for sale to the general public a class of products including the allegedly defective product will not be shielded from tort liability for injuries to employees encountering the product by the mere fact that the particular model which inflicted injury was not generally marketed to the public. In so holding, the court distinguished the *Knous* opinion by pointing out that in *Knous* the defendant-employer did not generally market the class of machines which included the particular machine that injured the plaintiff therein.

We think that synthesis of these three cases produces the following relevant considerations. First, in the *Knous* and *Walker* opinions, a primary concern of the court was whether the defendant-employer manufactured the alleged defective product for commercial marketing and sale. This concern is reflected in the *Mercer* opinion as well where the court emphasized that the dual capacity doctrine is applicable where the hazard is one common to the general public and not necessarily one of employment alone. Another significant concern is whether the injured employee is involved in the process of manufacturing the alleged defective product. Finally, we add to this synthesis the instruction of *Guy* that the decisive test of dual capacity is not how separate the employer's second function is from his employment function, but whether that second function generates obligations unrelated to those flowing from the employer's function.

Applying these factors to the instant case we have no hesitation in finding that the dual capacity doctrine is applicable and tort recovery against Ric-Wil on a strict liability theory is available to the plaintiffs. Plaintiffs have alleged that during his employment at Ric-Wil, Mr. Chaddock inserted asbestos insulation materials called Dry-Pac, manufactured and sold by Ric-Wil, into pre-fabricated piping systems also manufactured and sold by Ric-Wil. Significant is plaintiffs' allegation that Ric-Wil manufactured and commercially marketed the Dry-Pac to the general public as well as utilizing it in their own pre-fabricated piping systems. Also significant is the fact that plaintiff alleges that Ronald Chaddock had no part in the actual manufacture of the Dry-Pac asbestos insulation materials but only worked inserting it into the pre-fabricated piping systems. In this respect, plaintiffs contend that Mr. Chaddock encountered the product in much the same manner as would any other member of the general public having occasion and need to work with asbestos insulation products. In this respect the obligations of a manufac-

turer placing a product in the stream of commerce are imposed upon Ric-Wil and continue to exist separate and distinct from any obligations to provide a safe work place incumbent upon Ric-Wil as an employer.

In finding the doctrine of dual capacity applicable in this case, we place primary reliance on the *Walker* opinion. It is the most recent statement of the law of Ohio from the Court of Appeals most experienced in these issues. When that Court of Appeals' opinion is given the proper regard to which it is entitled, *Commissioner v. Estate of Bosch*, 387 U.S. 456, 87 S.Ct. 1776, 18 L.Ed.2d 886 (1967), we conclude that Ric-Wil stood in a dual capacity as both employer and manufacturer to plaintiff's decedent Ronald Chaddock and therefore plaintiff can proceed against Ric-Wil on a strict liability theory.

Accordingly, it is hereby ordered that defendant Ric-Wil's motion for summary judgment is hereby denied.

SO ORDERED.