HOPKINS, EXRX., APPELLANT, v. BABCOCK & WILCOX COMPANY, APPELLEE AND CROSS-APPELLEE; CITY OF COLUMBUS, APPELLEE AND CROSS-APPELLANT; LESCHEN WIRE, PAPER & CABLE CO.

*Lane, Alton & Horst, Jack R. Alton, Theodore M. Munsell* and *James R. Nein,* for appellant.

*Vorys, Sater, Seymour & Pease, Sandra J. Anderson* and *Russell P. Herrold, Jr.,* for Babcock & Wilcox Company.

*Gregory S. Lashutka,* city attorney, *Patrick McGrath* and *Robert A. Bell,* for city of Columbus.

*Knepper, White, Arter & Hadden* and *Louis E. Gerber,* for Leschen Wire, Paper & Cable Company.

WHITESIDE, J. Plaintiff Phyllis A. Hopkins has appealed from a judgment of the Franklin County Court of Common Pleas, and raises two assignments of error as follows:

"I. The trial court incorrectly found that there was an *election* of remedies by plaintiff when she sought and received workers' compensation benefits prior to March 3, 1982.

"II. The trial court erred by finding an employee's cause of action against his employer for an intentional tort is barred by the employee's acceptance of workers' compensation benefits."

Defendant city of Columbus has

cross-appealed from that judgment, and has raised two assignments of error as follows:

"I. The trial court incorrectly found the indemnity agreement between the appellant city of Columbus and the appellee Babcock and Wilcox Company void as against public policy since the prohibition contained in O.R.C. § 2305.31 against a promisor agreeing to provide indemnity for the negligence of the promisee's independant [*sic*] contractors does not apply where the promisor itself is the independent contractor.

"II. The trial court erred in finding that appellee company is not liable to appellant city under the terms of the indemnity agreement on the basis of the immunity provided a complying employer under workers' compensation law."

By her complaint, plaintiff, widow and executor of the estate of Donald Hopkins, alleges that defendants Babcock & Wilcox Company and the city of Columbus wrongfully caused the death of Donald Hopkins by flagrant, intentional, willful, and grossly negligent conduct. The complaint also alleges that defendant Leschen Wire, Paper and Cable Company, as to whom no issue is raised upon this appeal, supplied defective cable used by defendant Babcock & Wilcox Company in connection with the construction of a trash-burning facility pursuant to a contract between Babcock & Wilcox and the city of Columbus.

Donald Hopkins was an employee of Babcock & Wilcox and sustained the injuries resulting in his death during the course of and arising out of such employment. Defendant city of Columbus filed a cross-claim against defendant Babcock & Wilcox for indemnification from Babcock & Wilcox for any judgment obtained by plaintiff against the city of Columbus predicated upon a save-harmless provision of the contract between the city and Babcock & Wilcox for construction of the trash-burning facility.

Babcock & Wilcox filed a motion for summary judgment, both with respect to plaintiff's claim and the cross-claim of the city, upon the grounds that the claim against it is barred by Section 35, Article II, of the Ohio Constitution and R.C. 4123.74 and that *Blankenship* v. *Cincinnati Milacron Chemicals* (1982), 69 Ohio St. 2d 608 [23 O.O.3d 504], is inapplicable because of the payment of workers' compensation benefits as a result of the death of Donald Hopkins. Babcock & Wilcox, sought summary judgment upon the cross-claim of the city on the additional ground that the save-harmless provision of the contract between them is rendered void by R.C. 2305.31. The trial court granted Babcock & Wilcox's motion with respect to Hopkins and the city.

Since the complaint alleges that the death of Donald Hopkins was caused by an intentional tort committed by Babcock & Wilcox, plaintiff's claim is not barred by either Section 35, Article II, of the Ohio Constitution or R.C. 4123.74 since *Blankenship, supra,* held that they do not preclude an employee from enforcing common-law remedies against an employer for an intentional tort. Babcock & Wilcox, however, contends that although such an action for an intentional tort may be brought by the representative of a deceased employee, such an action is barred by an election of remedies where worker's compensation benefits have been accepted and received for the injury or wrongful death which is the predicate of the action based upon the intentional tort.

This issue has been resolved by the second paragraph of the syllabus of *Jones* v. *VIP Development Co.* (1984), 15 Ohio St. 3d 90, expressly holding that "[t]he receipt of workers' compensation benefits does not preclude an employee or his representative from pursuing a common-law action for damages against his employer for an intentional tort." Accordingly, upon the authority of

*Jones,* plaintiff's two assignments of error are well-taken.

The city's assignments of error in its cross-appeal raise the issue of whether the city's cross-claim for indemnification is barred by R.C. 2305.31. Babcock & Wilcox relies upon the decision of this court in *Durgin* v. *Dugan & Meyers Constr., Inc.* (1982), 7 Ohio App. 3d 326, which, on its face, appears to provide · that any provision for indemnification in a construction contract is rendered void by R.C. 2305.31. However, *Durgin* primarily was concerned with the issue of whether there was a waiver by an employer of its statutory immunity pursuant to R.C. 4123.74 and Section 35, Article II, of the Ohio Constitution from a suit arising from an employee's work-related injury. We held that a provision of a construction contract whereby the contractor (promisor) agreed to indemnify the promisee, did not operate to waive such statutory and constitutional immunity by virtue of R.C. 2305.31. Not only was *Durgin* decided prior to *Jones, supra,* but it did not involve an intentional tort committed by an employer. Unfortunately, our language in *Durgin* is overly broad and must be modified.

R.C. 2305.31 provides generally that indemnification provisions of construction contracts are against public policy and void, specifically stating that:

"A covenant, promise, agreement, or understanding in, or in connection with or collateral to, a contract or agreement relative to the design, planning, construction, alteration, repair, or maintenance of a building, structure, highway, road, appurtenance, and appliance, including moving, demolition, and excavating connected therewith, pursuant to which contract or agreement the promisee, or its independent contractors, agents or employees has hired the promisor to perform work, purporting to indemnify the promisee, its independent contractors, agents, employees, or indemnities against liability for damages arising out of bodily injury to persons or damage to property initiated or proximately caused by or resulting from the negligence of the promisee, its independent contractors, agents, employees, or indemnities is against public policy and is void. Nothing in this section shall prohibit any person from purchasing insurance from an insurance company authorized to do business in the state of Ohio for his own protection or from purchasing a construction bond."

The public policy established by R.C. 2305.31 pertains only to those situations where indemnification is provided "against liability for damages * * * caused by or resulting from the negligence of the promisee, its independent contractors, agents, employees, or indemnities * * *." In *Durgin,* we indicated to the effect that the prohibition against indemnification for the promisee's own negligence or that of its independent contractor, applied even in an instance where the promisor was the independent contractor, and thus applied to prohibit an agreement by the promisor to indemnify the promisee even for the promisor's own negligence where the promisor was also an independent contractor of the promisee. We now must modify that over-broad conclusion stated in *Durgin.*

At common law, a person who is chargeable for another's wrongful act and pays damages to an injured party as a result thereof has a right of indemnity from the person committing the wrongful act, the party paying the damages being only secondarily liable, and the person committing the wrongful act, primarily liable. *Travelers Indemnity Co.* v. *Trowbridge* (1975), 41 Ohio St. 2d 11, 14 [70 O.O.2d 6]; *Globe Indemnity Co.* v. *Schmitt* (1944), 142 Ohio St. 595 [27 O.O. 525]; *Maryland Cas. Co.* v. *Frederick Co.* (1944), 142 Ohio St. 605 [27 O.O. 529], paragraph one of the syllabus.

*Globe Indemnity* involved the negligence of an independent contractor for which the principal was required to

respond in damages, and the Supreme Court held, at paragraph three of the syllabus, that where the principal "is free from actual fault but responds to the damage claim of the person hurt, he may have indemnity from the contractor whose active negligence caused the injuries." There is nothing in R.C. 2305.31 indicating an apparent intent to abrogate this common-law principle. Rather, R.C. 2305.31 is intended only to bar those indemnification provisions creating indemnity when no such right would exist at common law as between a promisor and promisee under a construction contract to which the section is applicable. Accordingly an indemnification provision of a construction contract is enforceable to the extent that it merely restates the promisee's common-law right of indemnification from the promisor in accordance with *Globe Indemnity, supra,* notwithstanding R.C. 2305.31. As stated in the second paragraph of the syllabus of *Travelers Indemnity Co., supra,* "* * * [i]ndemnity * * * arises from contract, express or implied, and is the right of a person, who has been compelled to pay what another should have paid, to require complete reimbursement." R.C. 2305.31 voids only those indemnity contracts which create a right of indemnification not existing at common law.

*Durgin, supra,* was complicated by the fact that the promisor, in that case, was an employer entitled to the immunity from liability arising from an employee's work-related injury afforded by Section 35, Article II, of the Ohio Constitution and R.C. 4123.74. In *Williams* v. *Ashland Chemical Co.* (1976), 52 Ohio App. 2d 81 [6 O.O.3d 56], syllabus, this court held that these constitutional and statutory immunities operate to relieve an employer who has complied with the workers' compensation laws of Ohio from "any liability arising from the claim of a third person who has responded in damages to an employee, of such employer, for injuries received in the course of his employment, absent an express agreement providing otherwise." Thus, this court held in *Williams* that under such circumstances, Section 35, Article II, of the Ohio Constitution and R.C. 4123.74 operate to abrogate any common-law right of indemnification of a third person against a complying employer with respect to injuries received by an employee of such employer in the course of the employee's employment. Accordingly, *Durgin* correctly held that R.C. 2305.31 precludes any such contract of indemnification since there is no common-law right of indemnification under the circumstances, and such right could exist only by virtue of the indemnification provision of the contract which is declared to be void and against public policy by R.C. 2305.31.

The rule of *Durgin* properly applies only to claims against an employer who has been afforded immunity pursuant to Section 35, Article II, of the Ohio Constitution and R.C. 4123.74. Thus, the rule of *Durgin* must be modified to provide that "[i]n a case where the promisor is an independent contractor of the promisee, R.C. 2305.31 prohibits a provision in a construction contract in which the promisor agrees to indemnify the promisee for the promisor's own negligence [causing injury to an employee of the promisor with respect to which the promisor has been afforded immunity by Section 35, Article II, of the Ohio Constitution and R.C. 4123.74]."

In the present case, however, plaintiff's claim is founded upon an alleged intentional tort by the promisor, Babcock & Wilcox, as to which neither Section 35, Article II, of the Ohio Constitution nor R.C. 4123.74 affords immunity pursuant to the rule of *Blankenship, supra.* R.C. 2305.31 does not preclude an agreement whereby the promisor agrees to indemnify the promisee for either a

negligent or an intentional tort of the promisor with respect to which no immunity is provided by either Section 35, Article II, of the Ohio Constitution or R.C. 4123.74 pursuant to the rule of *Blankenship, supra.*

Subsequent to the enactment of R.C. 2305.31, the legislature enacted R.C. 2307.31 providing for contribution between joint tortfeasors. However, R.C. 2307.31(A) provides that "* * * [t]here is no right of contribution in favor of any tortfeasor who has intentionally caused or intentionally contributed to the injury or wrongful death." Both this provision and R.C. 2305.31 would preclude the city from obtaining indemnification from Babcock & Wilcox for the city's own negligent or intentional tort.

In any event, under the pleadings, there is a possibility that the city would be required to respond in damages for an intentional tort committed by Babcock & Wilcox even though the city committed no active negligence and no intentional wrongful act. In such an event, the indemnification clause of the contract between the city and Babcock & Wilcox is enforceable in accordance with common-law principles of indemnification. To this extent, and for this reason, both cross-assignments of error of the city of Columbus are well-taken.

For the foregoing reasons, both assignments of error of plaintiff Phyllis Hopkins and both cross-assignments of error of defendant city of Columbus are sustained. The judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law, consistent with this decision.

*Judgment reversed and cause remanded.*

McCormac, P.J., and Straus-baugh, J., concur.