**Dale CHRISTMAN, et al.**

v.

**ALLISON GAS TURBINE, and, E.W. Wiggins Airways, Inc.**

v.

**HUGHES HELICOPTERS, INC.**

**Civ. A. No. 86–1891 Mc.**

United States District Court, D. Massachusetts.

Jan. 3, 1989.

---

Timothy J. Healey, Patricia D. Stewart, Healey & Stewart, Westwood, Mass., for plaintiffs.

Courtland Hirschi, Kern & Wooley, Los Angeles, Cal., James F. Mechan, Peter J. Black, Meehan, Boyle & Cohen, Boston, Mass., for E.W. Wiggins Airways, Inc.

Floyd Dodson, Kern & Wooley, Los Angeles, Cal., Stephen T. Keefe, Jr., Weymouth, Mass., for Hughes Helicopters, Inc.

## MEMORANDUM AND ORDER

McNAUGHT, District Judge.

This civil action came on to be heard on motion of third party defendant Hughes Helicopters, Inc. for reconsideration of its motion for summary judgment which had been denied on July 21, 1988. At that time we wrote that: "Should it appear as discovery unfolds that Wiggins' claims are grounded solely in negligence, Hughes will be free to renew the present motion".

Hughes argues that it is now apparent that Wiggins' claim is based upon negligence alone, and that therefore, we should enter judgment for defendant on the third party complaint. We perhaps should have added a cautionary word, to the effect that the motion could be renewed, but that renewal was not a guarantee that it would be allowed.

On May 25, 1988 Dale Christman was operating a Hughes helicopter. He was at the time acting as a salesman for Hughes, having conducted a demonstration, riding people in Indiana from the Indianapolis Airport to the Speedway, to a downtown heliport, and back to the city. He was on his way back to the heliport when there was a flameout. He suffered injuries in the crash.

He brought suit against Allison Gas Turbine for negligent design of the fuel line and fittings, and against Wiggins for alleged negligence in the performance of repair work. Wiggins then filed the third party claim for contribution and/or indemnity against Hughes. It is obvious now that the proof offered as against Hughes by Wiggins is based on the theory that "Hughes was negligent and in breach of warranty in its design, manufacture and testing of the helicopter and in its supervision over, and inspection of, the repair work performed on the helicopter". (Docket Document #124, Opposition of Third-Party Plaintiff, E.W. Wiggins, Inc., to Third-Party Defendant's Motion for Reconsideration). The reason for our earlier denial of summary judgment rested upon the determination that the allegations of Wiggins could have been categorized, arguably, as "being on the borderline between a claim of negligence and intentional tort". Not so any longer.

Third-party plaintiff and third-party defendant agreed to the application of Ohio law as to the issue whether Hughes was immune from liability under the workers' compensation laws. (Document #124, p. 2) We need not, therefore, expound upon the *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1941), *Klaxon v. Stentor Electric Mfg. Co.*, 313 U.S. 487, 61

S.Ct. 1020, 85 L.Ed. 1477 (1941) and *Pevoski v. Pevoski*, 371 Mass. 358, 358 N.E.2d 416 (1976) doctrines to support our conclusion that the "strongest interests" lie with the State of Ohio, and that we are required to apply Ohio law. Compensation payments were made under the law of Ohio to Mr. Christman.

The question to be resolved now is whether Hughes is immune from suit by Christman, by reason of the workers' compensation statute of Ohio. Our conclusion is in the negative, which leads to the result that Wiggins had a right to bring the third party claim against Hughes, and summary judgment may not be granted.

A tortfeasor ordinarily is not entitled to indemnity or contribution (under Ohio law) from an insured employer, since the employer is not liable to the employee for negligence, with an exception of those cases in which the third parties have expressly agreed upon indemnification. *Williams v. Ashland Chemical Co.*, 52 Ohio App.2d 81, 368 N.E.2d 304 (1976).

There was no indemnity agreement in the case at bar, according to third-party plaintiff's answers to interrogatories.

Plaintiff maintains, however, that, under Ohio law, the employer's immunity is gone if the employer has violated a duty which did not arise out of the employer-employee relationship—a duty owed to *all* users of its product. This is labelled the "dual capacity exception" to immunity under workers' compensation. The duty here involved, says third-party plaintiff, was the duty to refrain from negligence (and breach of warranty) in the manufacture, design, inspection and repair of the helicopter operated by Mr. Christman. Mr. Christman, it is emphasized, performed duties unrelated to the manufacture of the copter he was flying at the time of his injury. We are referred particularly to the opinions in *Walker v. Mid–States Terminal, Inc.*, 17 Ohio App.3d 19, 477 N.E.2d 1160 (1984) and *Chaddock v. Johns–Manville Sales Corp.*, 599 F.Supp. 204 (S.D.Ohio 1984). We are impressed by the analysis of the doctrine done by Judge Spiegel, and find it controlling for purpose of deciding the motion in this case. The duty of Hughes to manufacture a reasonably safe helicopter is one owed not just to Mr. Christman, but to the public generally. That being so, immunity is not provided by the workers' compensation law of Ohio. Motion for summary judgment is denied.