ZAGORSKI ET AL., APPELLEES, *v.* SOUTH EUCLID-LYNDHURST CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLANT.

[Cite as Zagorski *v.* South Euclid-Lyndhurst Bd. of Edn. (1984), 15 Ohio St. 3d 10.]

(No. 84-235—Decided December 19, 1984.)

*Messrs. Carlin & Carlin, Mr. William A. Carlin* and *Mr. Paul Carpenter,* for appellees.

*Messrs. Squire, Sanders & Dempsey, Mr. Robin G. Weaver* and *Ms. Kathryn L. Roseen,* for appellant.

*Means, Bichimer, Burkholder & Baker Co., L.P.A., Mr. Robert T. Baker* and *Mr. Matthew J. DeTemple,* urging reversal for *amicus curiae,* Ohio School Boards Association.

*Per Curiam.* The issue presented in this case is whether this court's holding in *Carbone* v. *Overfield, supra,* that the defense of sovereign immunity is no longer available to insulate a board of education from tort liability, is to be applied prospectively only. For the reasons that follow, this court affirms the decision of the court of appeals and holds that *Carbone* is *not* to be limited to prospective application only.

In *Carbone,* at 213-214, this court established the following rule of law:

"* * * [B]oards of education are now liable for tortious acts in the same manner as private individuals.

"* * *

"* * * [T]he defense of sovereign immunity is not available to a board of education in an action seeking damages for injuries allegedly caused by the negligence of the board's employees."

Appellant asserts that to permit retroactive application of this holding in *Carbone* would offend traditional principles of equity and justice, noting in particular that prior to August 10, 1983, school boards were statutorily prohibited from purchasing liability insurance to protect themselves as corporate entities.

This court does not find appellant's argument to be well-taken. First, the injury in *Carbone* occurred on March 26, 1979. The insurance arguments raised by appellant were also raised by the board of education[2]

---

[2] The South Euclid-Lyndhurst City School District Board of Education was a named defendant in the *Carbone* case as well.

in *Carbone.* (See appellee's brief in *Carbone* at pages 9, 10; appellant's reply brief in *Carbone* at page 1; dissenting opinion in *Carbone* at pages 214, 215.) The majority of this court was unpersuaded by the insurance argument when deciding *Carbone,* and inasmuch as appellant has failed to raise any new arguments in this regard, this court sees no reason to deviate from its holding in *Carbone.* It should be stressed that while the availability of insurance has been noted in those cases where this court has abolished sovereign immunity, this factor has never been found to be the sole or overriding justification for the abolition of sovereign immunity.

Moreover, there is no language whatsoever in *Carbone* to suggest that its holding was to be given prospective effect only. Indeed, it was the express intention of this court not to so limit this holding. The *Carbone* decision in this regard was consistent with a line of cases wherein this court rejected prospective-only application of the abrogation of the doctrine of sovereign immunity over strongly worded arguments of various counsel and vigorous dissent in this court. See, *e.g., Dickerhoof* v. *Canton* (1983), 6 Ohio St. 3d 128; *Enghauser Mfg. Co.* v. *Eriksson Engineering Ltd.* (1983), 6 Ohio St. 3d 31; *Strohofer* v. *Cincinnati* (1983), 6 Ohio St. 3d 118; *Carbone, supra.*

In so concluding, we note the case of *Peerless Electric Co.* v. *Bowers* (1955), 164 Ohio St. 209 [57 O.O. 411], wherein this court addressed the prospective-retroactive application of judicial decisions, at 210, as follows:

"* * * The equal protection clause of the federal Constitution does not assure uniformity of judicial decisions. The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law. The one general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision."

The court of appeals found, and the parties herein do not contest, that the abrogation of the doctrine of sovereign immunity does not fall within the one general exception to this rule, *i.e.,* where contractual or vested rights have been acquired under the prior decision. Hence, the rule of retroactivity applies.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, C. BROWN and J. P. CELEBREZZE, JJ., concur.

LOCHER and HOLMES, JJ., dissent.

LOCHER, J., dissenting. Dean Pound in his Introduction to the Philosophy of Law at 189 (quoted by Judge Benjamin N. Cardozo in the Growth of the Law [1924] at 102) wrote:

"The law * * * enforces the reasonable expectations arising out of conduct, relations and situations."

Reasonable expectations are built on existing legal conditions. In the present case not only did the school board have immunity at the time the injury occurred, but the legislature reinforced this expectation by statutorily prohibiting the purchase of liability insurance. Ironically, a "Cassandra" representing the legal interests of the school board might arguably be adjudged guilty of malpractice if he or she had made the proper hindsight recommendation that steps be taken to safeguard the school board by acquiring liability insurance in contravention of an explicit statute.

Can any citizen, governmental body, business, or corporation make future plans when *ex post facto* liability may be imposed no matter how reasonable an action or inaction may have been? And why was this case accepted for appeal when *Carbone v. Overfield* (1983), 6 Ohio St. 3d 212, is dispositive of the issue except for the statutory unavailability of insurance?

It is easy for a court to impose *ex cathedra* edicts — in effect legislative edicts creating substantive rights — when the "details" of those edicts are left for others to resolve. It is, however, more difficult for a court to exercise restraint and consider the ramifications of its decrees.

For the reasons set forth in the accompanying dissent in which I join and the reasons set forth above, I dissent.

HOLMES, J., concurs in the foregoing dissenting opinion.

HOLMES, J., dissenting. I dissent from today's majority opinion based upon my commentary in a number of cases in which this court has retrospectively abolished sovereign immunity. See *King v. Williams* (1983), 5 Ohio St. 3d 137, 141; *Enghauser Mfg. Co. v. Eriksson Engineering Ltd.* (1983), 6 Ohio St. 3d 31, 37-38; *Strohofer v. Cincinnati* (1983), 6 Ohio St. 3d 118, 126; *Dickerhoof v. Canton* (1983), 6 Ohio St. 3d 128, 131; and *Carbone v. Overfield* (1983), 6 Ohio St. 3d 212. It is my continued view that if the defense of immunity must be abrogated at all, it should only be done prospectively.

This view is in accord with the overwhelming weight of authority from other jurisdictions which have considered the question. See, *e.g., Evans v. Bd. of Cty. Commrs.* (1971), 174 Colo. 97, 482 P. 2d 968; *Smith v. State* (1970), 93 Idaho 795, 473 P. 2d 937; *Nieting v. Blondell* (1975), 306 Minn. 122, 235 N.W. 2d 597; *Kitto v. Minot Park Dist.* (N.D. 1974), 224 N.W. 2d 795; *Merrill v. Manchester* (1974), 114 N.H. 722, 332 A. 2d 378; *Willis v. Dept. of Conservation & Economic Dev.* (1970), 55 N.J. 534, 264 A. 2d 34; *Holytz v. Milwaukee* (1962), 17 Wis. 2d 26, 115 N.W. 2d 618; *Oroz v. Bd. of Cty. Commrs.* (Wyo. 1978), 575 P. 2d 1155.

As I stated in my dissent in *Carbone, supra,* at 214-215:

"* * * [b]oards of education have had no statutory authority to purchase liability insurance to insure themselves as corporate bodies against tort liability. R.C. 3313.203(A) only allows a board of education to purchase liability insurance for individuals acting in their official capacities as members of the board or employees of the board.

"Also, the Ohio Attorney General has opined that 'in the absence of [specific] statutory authority, a board of education has no power to purchase insurance for a liability arising out of risks other than certain ones pertaining to the operation of motor vehicles' for which there is specific statutory authorization. 1971 Ohio Atty. Gen. Ops. No. 71-028, at 2-89.

"Accordingly, at the very least, this court, in its extension of its policy of abrogation of the doctrine of sovereign immunity to school boards, should do so prospectively only, as should be the application of such abolition in the instance of all governmental entities."

Therefore, I would reverse the judgment of the court of appeals.

LOCHER, J., concurs in the foregoing dissenting opinion.