**KING, Appellee,**

v.

**SAFECO INSURANCE COMPANY, Appellant, et al.**

[Cite as *King v. Safeco Ins. Co.* (1990), 66 Ohio App.3d 157.]

Court of Appeals of Ohio,
Hamilton County.

Nos. C–880762, C–870869.

Decided Feb. 14, 1990.

*Kelley, Grossheim & Bavely* and *E. Hanlin Bavely,* for appellee.

*Albert T. Brown,* for appellant.

*Per Curiam.*

On May 15, 1984, the minor son of plaintiff-appellee Marguerite King was injured when the moped he was riding was struck by a vehicle operated by an

uninsured motorist. On May 8, 1986, King brought an action on behalf of her son and herself against the uninsured motorist, defendant Timothy Cottingham, and her insurance carrier, defendant-appellant Safeco Insurance Company ("Safeco"). In her complaint, King sought, *inter alia*, a declaration that the uninsured-motorist protection afforded under a policy of insurance issued by Safeco to King as the named insured provided separate coverage of up to $50,000 each for her son's bodily injury claim and for her derivative claims for her son's medical expenses and the loss of his services.

Safeco determined that the injuries sustained by King's son were covered under the uninsured motorist provision of King's policy and paid $50,000 in satisfaction of the bodily injury claim advanced by King on her son's behalf. The trial court, upon motion by Safeco, severed King's prayer for declaratory relief from the remaining claims and, with respect to that issue, Safeco moved for judgment on the pleadings and King moved for summary judgment. The court addressed the parties' motions as cross-motions for summary judgment, granted summary judgment for King, and issued a declaration that King was entitled to up to $50,000 on her derivative claims.

Safeco appealed the entry of summary judgment for King under App. No. C–870869 and, on appeal, advanced two assignments of error, challenging the entry of summary judgment for King and the denial of its motion for judgment on the pleadings. After filing its appellate brief, Safeco submitted a memorandum of additional authority, citing the decision of the Ohio Supreme Court in *Dues v. Hodge* (1988), 36 Ohio St.3d 46, 521 N.E.2d 789. King, in response, declined to file an appellate brief and conceded that the decision in *Dues, supra*, warranted a reversal of the decision of the trial court. By entry dated September 21, 1988, we remanded the matter to the trial court for consideration of Safeco's Civ.R. 60(B) motion for relief from judgment. The trial court found *Dues, supra*, to be inapplicable to the instant cause and overruled Safeco's motion for relief from judgment. Safeco appealed under App. No. C–880762 and presented an additional assignment of error challenging the denial of its Civ.R. 60(B) motion. By entry dated December 19, 1988, the appeals were consolidated.

We address together the two assignments of error advanced under App. No. C–870869 and the single assignment of error presented under App. No. C–880762 because Safeco asserts in each that the uninsured motorist provision of King's policy validly limits recovery for all claims arising out of the bodily injury sustained by King's son, including King's derivative claims for medical expenses and loss of services, to a single limit of liability. We agree.

The policy of insurance issued by Safeco to King provided coverage limits of $50,000 for "each person" and $100,000 for "each accident." That portion of

the policy devoted to coverage of "Damages for Bodily Injury Caused by Uninsured Motor Vehicles" set forth the following limitation on Safeco's liability:

"(a) Regardless of the number of automobiles to which this policy applies the limit of bodily injury liability stated in the declarations as applicable to 'each person' is the limit of SAFECO's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by one person as the result of any one accident and, subject to the above provision respecting each person, the limit of such liability stated in the declarations as applicable to 'each accident' is the total limit of SAFECO's liability for all damages, including damages for care or loss of services, because of bodily injury sustained by two or more persons as the result of any one accident."

King's insurance policy was effective as of April 30, 1984. On April 25, 1984, five days prior to the effective date of the policy, the Supreme Court of Ohio issued its decision in *Auto–Owners Mut. Ins. Co. v. Lewis* (1984), 10 Ohio St.3d 156, 10 OBR 490, 462 N.E.2d 396. The court in *Lewis*, citing the principles established in *Sexton v. State Farm Mut. Auto. Ins. Co.* (1982), 69 Ohio St.2d 431, 23 O.O.3d 385, 433 N.E.2d 555, and the policy underlying R.C. 3937.18, which requires insurers to offer uninsured motorist coverage, held that:

"Where separate and independent causes of action arise from injuries caused by an uninsured motorist and such injuries are covered by the uninsured motorist provision of an automobile insurance policy, the policy limits applicable to uninsured motorist coverage will be available to each cause of action. (*Sexton* * * * [*supra* ], applied.)" *Lewis, supra,* paragraph two of the syllabus.

On April 6, 1988, while Safeco's initial appeal of the entry of summary judgment for King was pending, the Supreme Court released its decision in *Dues v. Hodge, supra,* in which it expressly overruled paragraph two of the syllabus in *Lewis, supra.* The court in *Dues* found the *Lewis* court's reliance on *Sexton, supra,* to be misplaced, noting that *Sexton* held only that R.C. 3937.18 mandated coverage of derivative claims under an uninsured motorist provision and did not address the issue of extending separate policy limitations to each derivative claim for relief. The court further found no indication that R.C. 3937.18 was intended to override reasonable limitations on the amount of coverage available for each accident. The court, therefore, held that "[a]n insurance policy provision that limits recovery for all causes of action arising out of bodily injury to one person to a single limit of liability is a valid restriction of uninsured motorist coverage." *Dues, supra,* paragraph two of the syllabus.

On appeal, King concedes that, under the holding in *Dues, supra*, the trial court's determination that the policy provided separate coverage for her son's bodily injury claim and for her derivative claims was erroneous. She asserts, however, that retrospective application of *Dues* would be inequitable.

The Supreme Court of Ohio in *Peerless Elec. Co. v. Bowers* (1955), 164 Ohio St. 209, 57 O.O. 411, 129 N.E.2d 467, addressed the issue of prospective-versus-retrospective application of judicial decisions and held:

"The equal protection clause of the federal Constitution does not assure uniformity of judicial decisions. The general rule is that a decision of a court of supreme jurisdiction overruling a former decision is retrospective in its operation, and the effect is not that the former was bad law, but that it never was the law. The one general exception to this rule is where contractual rights have arisen or vested rights have been acquired under the prior decision." *Id.* at 210, 57 O.O. at 411, 129 N.E.2d at 468; see, also, *Zagorski v. South Euclid–Lyndhurst Bd. of Edn.* (1984), 15 Ohio St.3d 10, 15 OBR 8, 471 N.E.2d 1378. We find neither the contractual rights exception nor the vested rights exception to the general rule of retrospective application of judicial decisions to be applicable here.

■■■■ An accrued cause of action is a vested right, *Cook v. Matvejs* (1978), 56 Ohio St.2d 234, 10 O.O.3d 384, 383 N.E.2d 601, and King's derivative claims accrued on May 15, 1984, when the accident occurred. We find, however, that the retrospective application of *Dues, supra*, would neither deprive King of nor impair her ability to assert her derivative claims.

The second exception to the general rule of retrospective application of judicial decisions, which may be invoked when contractual rights have arisen under the prior decision, is premised upon the state and federal constitutional prohibitions against the impairment of the obligation of contracts. Section 28, Article II of the Ohio Constitution provides that "[t]he general assembly shall have no power to pass * * * laws impairing the obligation of contracts." The Contract Clause of the federal Constitution similarly provides that "[n]o state shall * * * pass any * * * law impairing the obligation of contracts." Section 10, Article I, United States Constitution.

■■■■ The state prohibition against the impairment of contractual obligations, which is expressly imposed on the General Assembly, is clearly directed against the retrospective application of legislation that operates to impair the obligation of contracts. The federal Contract Clause also proscribes the retrospective application of legislation that impairs contractual obligations, and although the federal proscription is more broadly stated than the state prohibition, judicial decisions do not, as a general rule, constitute "law[s]" for purposes of the federal prohibition. *Barrows v. Jackson* (1953), 346 U.S. 249, 73 S.Ct. 1031, 97 L.Ed. 1586.

■ We have held, however, that the retrospective application of judicial decisions that alter the construction or interpretation of a statute may violate the federal Contract Clause. See *Ehrhardt v. Baltimore & Ohio RR. Co.* (1985), 24 Ohio App.3d 83, 24 OBR 152, 493 N.E.2d 264. This exception to the general rule that judicial decisions do not constitute "law[s]" for purposes of the federal Contract Clause was derived from the decision of the Ohio Supreme Court in *Thomas v. State, ex rel. Gilbert* (1907), 76 Ohio St. 341, 81 N.E. 437. See *Ehrhardt, supra,* 24 Ohio App.3d at 87, 24 OBR at 155, 493 N.E.2d at 269. The holding in *Thomas, supra,* was, in turn, based upon the "rule" announced by the United States Supreme Court in *Douglass v. County of Pike* (1879), 101 U.S. 677, 25 L.Ed. 968, in which the court stated that:

"The true rule is to give a change of judicial construction in respect to a statute, the same effect in its operation on contracts and existing contract rights that would be given to a legislative Amendment; that is to say, make it prospective but not retroactive. After a statute has been settled by judicial construction, the construction becomes, so far as contract rights acquired under it are concerned, as much a part of the statute as the text itself, and a change of decision is, to all intents and purposes, the same in its effect on contracts, as an amendment of the law by means of a legislative enactment." *Id.* at 687, 25 L.Ed. at 971; see *Thomas, supra,* 76 Ohio St. at 360, 81 N.E. at 439.

The "true rule" announced in *Douglass, supra,* and adopted by the Ohio Supreme Court in *Thomas, supra,* was subsequently overridden by the United States Supreme Court in *Fleming v. Fleming* (1924), 264 U.S. 29, 44 S.Ct. 246, 68 L.Ed. 547. In holding that the Contract Clause prohibited only the impairment of contractual obligations by legislation, the court in *Fleming* rejected as "ingenious but unsound" the "contention * * * that the same statute was one law when first construed before the making of the contract and has become a new and different act of the Legislature by the later decision of the court." *Id.* at 31, 44 S.Ct. at 247, 68 L.Ed. at 549. The court, instead, found that:

"The effect of the subsequent decisions is not to make a new law, but only to hold that the law always meant what the court now says it means. The court has power to construe a legislative act, but it has no power by change in construction to date its passage as a law from the time of the later decision. A statute in force when a contract was made cannot be made a subsequent statute through new interpretation by the courts." *Id.* at 31–32, 44 S.Ct. at 247, 68 L.Ed. at 549; see, also, *United States v. Estate of Donnelly* (1970), 397 U.S. 286, 294–295, 90 S.Ct. 1033, 1038, 25 L.Ed.2d 312, 318–319; *Rohm & Haas Co. v. Dawson Chem. Co., Inc.* (S.D.Tex.1983), 557 F.Supp. 739, 817.

In light of the decision of the United States Supreme Court in *Fleming, supra,* we find that our reliance in *Ehrhardt, supra,* on the Ohio Supreme Court's decision in *Thomas, supra,* was misplaced. Therefore, we decline to follow the rule of law set forth in *Ehrhardt* which states that the retrospective application of judicial decisions that alter the construction or interpretation of a statute may violate the federal Contract Clause. We adopt here, instead, the rule set forth in *Fleming, supra,* that judicial decisions, even if they alter the construction or interpretation of a statute, do not constitute "law[s]" for purposes of the federal prohibition against the impairment of the obligation of contracts.

Upon our determination that neither the vested-rights nor the contractual-rights exception applies to exempt King from the general rule of retrospective application of judicial decisions, we conclude that *Dues, supra,* is controlling. Under the *Dues* holding that an insurance policy may validly limit recovery for all claims arising out of bodily injury sustained by one person to a single limit of liability, we hold that the trial court's declaration that King's policy provided separate liability limits for her son's bodily injury claim and her derivative claims was erroneous. We, therefore, sustain the challenge advanced by Safeco in its three assignments of error, reverse the entry of summary judgment for King, and remand this matter to the trial court for further proceedings consistent with law and this decision.

*Judgment reversed*
*and cause remanded.*

KLUSMEIER, P.J., HILDEBRANDT and GORMAN, JJ., concur.