OPINION
{¶ 1} Appellants National Fire Insurance Company of Hartford ("Hartford") and Continental Casualty Company ("Continental") appeal the decision of the Stark County Court of Common Pleas that found coverage under their respective policies. The following facts give rise to this appeal.
 {¶ 2} This lawsuit is the result of an accident that occurred on July 6, 1997. On this date, sixteen-year-old Olivia Gooding was a front-seat passenger in a vehicle driven by Randy Moreland Moreland lost control of the vehicle, left the road and struck a tree. Although Gooding safely exited the vehicle, she received serious injuries when she returned to the vehicle and it rolled over on her.
 {¶ 3} On the date of the accident, Moreland was insured by State Farm. Gooding subsequently settled with Moreland, for the policy limits of $100,000, and executed a release. Also on the date of the accident, Gooding's father, James Heaston, was employed at Greif Board, which is a subsidiary of Grief Brothers.
 {¶ 4} Greif Board is the named insured, under a business auto policy, issued by Hartford. The policy provides $1 million in liability coverage for "any auto" and $1 million in UM coverage for "owned autos." The policy also provides UM coverages for a "covered auto." Greif Board was also the named insured under an umbrella policy issued by Continental. The umbrella policy provides $7 million in excess coverage for four underlying policies, including Hartford's business auto policy. Employees are covered, under the umbrella policy, for acts within the scope of their employment. Greif Board rejected UM coverage for the umbrella policy.
 {¶ 5} Subsequently, Appellee Olivia Gooding filed a complaint seeking a declaration of UIM coverages under the various policies issued to Greif Board and Greif Brothers. Gooding claims she is entitled to benefits, under these policies, because her father was employed by Greif Board at the time of her accident. Appellee Gooding's claims are based upon the Ohio Supreme Court's decisions in Scott-Pontzer v. Liberty Mut. Fire Ins. Co.,85 Ohio St.3d 660, 1999-Ohio-292 and Ezawa v. Yasuda Fire MarineIns. Co., 86 Ohio St.3d 557, 1999-Ohio-124.
 {¶ 6} In October 2002, Hartford and Continental filed motions for summary judgment. The trial court granted appellee until December 16, 2002, to respond to said motions. However, prior to this date, on November 15, 2002, the trial court entered judgment concluding there was no coverage under either policy.
 {¶ 7} Thereafter, the trial court agreed to vacate the decision because it filed its judgment entry before the extended time for responding to the summary judgment motions expired. In the meantime, the Ohio Supreme Court issued its decision inFerrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186,2002-Ohio-7217.
 {¶ 8} On May 8, 2003, the trial court issued a second judgment entry finding coverage under both policies. Appellants Hartford and Continental timely appealed and set forth the following assignments of error for our consideration:
 {¶ 9} "I. The trial court erred when it granted plaintiff's motion for summary judgment, denied national fire's motion for summary judgment, and declared plaintiff entitled to UIM coverages under the 1997 business auto policy issued to Greif Board Corp.
 {¶ 10} "II. The trial court erred when it granted plaintiff's motion for summary judgment, denied continental's motion for summary judgment, and declared plaintiff entitled to UIM coverages under the 1997 excess/umbrella policy issued to Greif Board Corp."
 "Summary Judgment Standard" {¶ 11} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 {¶ 12} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * *"
 {¶ 13} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall, 77 Ohio St.3d 421,429, 1997-Ohio-259, citing Dresher v. Burt, (1996),75 Ohio St.3d 280.
 {¶ 14} It is based upon this standard that we review appellants' assignments of error.
 I, II {¶ 15} We will review appellants' two assignments of error simultaneously as both arguments may be addressed pursuant to the Ohio Supreme Court's recent decision in Galatis v. WestfieldIns. Co., 100 Ohio St.3d 216, 2003-Ohio-5849. Based uponGalatis, we sustain both assignments of error.
 {¶ 16} The Court decided Galatis after the parties submitted this case for review. The Galatis decision limited the Court's previous decision in Scott-Pontzer. In doing so, the Court held as follows:
 {¶ 17} "Absent specific language to the contrary, a policy of insurance that names a corporation as an insured for uninsured or underinsured motorist coverage covers a loss sustained by an employee of the corporation only if the loss occurs within the course and scope of employment." Id. at paragraph two of the syllabus.
 {¶ 18} The Galatis decision also overruled the Court's previous decision in Ezawa. The Court held:
 {¶ 19} "Where a policy of insurance designates a corporation as a named insured, the designation of `family members' of the named insured as other insureds does not extend insurance coverage to a family member of an employee of the corporation, unless that employee is also a named insured." Id. at paragraph three of the syllabus.
 {¶ 20} The Court's decision to overrule Ezawa is pertinent to the case sub judice because appellee's claims are based on her being a family member of an employee covered under the application of Scott-Pontzer. In general, a decision issued by a court of superior jurisdiction that overrules a former decision is retrospective in operation. Peerless Elec. Co. v. Bowers
(1955), 164 Ohio St. 209, 210. "[T]he effect is not that the former [law] was bad law, but that it never was the law." Id.
 {¶ 21} There are three recognized exceptions to this general rule. The first exception occurs when a court expressly indicates that its decision is only to apply prospectively. See LakesideAve. L.P. v. Cuyahoga Cty. Bd. of Revision (1999),85 Ohio St.3d 125, 127 and State ex rel. Bosch v. Indus. Comm. (1982),1 Ohio St.3d 94, 98.
 {¶ 22} The second exception occurs when contractual rights have arisen under a prior decision. See Wayne Mut. Ins. Co. v.Travelers Ins. Grp., Vinton App. No. 03 CA 582, 2004-Ohio-225, at ¶ 10. This exception is premised upon the state and federal constitutional prohibitions against the impairment of the obligation of contracts. King v. Safeco Ins. Co. (1990),66 Ohio App.3d 157, 161.
 {¶ 23} Section 28, Article II of the Ohio Constitution provides that "[t]he general assembly shall have no power to pass * * * laws impairing the obligation of contracts." The Contract Clause of the federal Constitution similarly provides that "[n]o state shall * * * pass any * * * law impairing the obligation of contracts." Section 10, Article I, United States Constitution.
 {¶ 24} In the King case, the First District Court of Appeals recognized the impairment of contractual obligations is clearly directed against the retrospective application of legislation that operates to impair the obligation of contracts. "The federal Contract Clause also proscribes the retrospective application of legislation that impairs contractual obligations, and although the federal proscription is more broadly stated than the state prohibition, judicial decisions do not, as a general rule, constitute `law[s]' for purposes of the federal prohibition." King at 161, citing Barrows v. Jackson (1953),346 U.S. 249, 259.
 {¶ 25} The King case also adopted the rule that "* * * judicial decisions, even if they alter the constructions or interpretation of a statute, do not constitute `law[s]' for purposes of the federal prohibition against the impairment of the obligation of contracts." King at 163.
 {¶ 26} This exception is not applicable to the case sub judice because it was not legislation that limited theScott-Pontzer decision and overruled the Ezawa decision, but rather a decision from the Ohio Supreme Court. Thus, according to the King case, the contractual rights exception does not apply.
 {¶ 27} The third exception occurs when a party has acquired vested rights under prior law. See Peerless, supra; Cartwrightv. The Maryland Ins. Grp. (1995), 101 Ohio App.3d 439; King v.Safeco Ins. Co., supra, at 161-163. By filing a declaratory judgment action, appellee has sought to establish that she has a vested right to coverage under the policies issued by Hartford and Continental. However, this right cannot vest until a judgment is secured. See Cincinnati Ins. Co. v. Consol. Equip. Co.,
Montgomery App. No. 19390, 2003-Ohio-47; McGlone v. Spade,
Crawford App. No. 3-01-26, 2002-Ohio-2179; Estate of Shoff v.Estate of Zimmerman (Dec. 16, 1998), Wayne App. No. 19045;Lawreszuk v. Nationwide (1977), 59 Ohio App.2d 111; CelinaMut. Ins. Co. v. Sadler (1966), 6 Ohio App.2d 161; Evans v.Grange Mut. Cas. Co. (1964), 12 Ohio Misc. 108; Spears v.Ritchey (1958), 108 Ohio App. 358; Alms Doepke Co. v. Johnson
(1954), 98 Ohio App. 78; Ermakora v. Dailakis (1951),90 Ohio App. 453; Med. Protective Co. v. Light (1934),48 Ohio App. 508; Hartford Acc. Indem. Co. v. Randall (1932),125 Ohio St. 581.
 {¶ 28} The record in this matter indicates, at this point in the proceedings, appellee has not yet established damages. Therefore, because appellee has not secured a judgment against Hartford or Continental, she does not have a vested right to coverage under the policies at issue and the Galatis decision may be applied retroactively.
 {¶ 29} Accordingly, the trial court should have granted Hartford's and Continental's motions for summary judgment and overruled appellee's motion for summary judgment because there is no conceivable contractual liability according to Galatis.
 {¶ 30} Appellants' First and Second Assignments of Error are sustained.
 {¶ 31} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed.
Hoffman, P.J., and Farmer, J., concur.