OPINION JUDGMENT ENTRY
{¶ 1} On March 4, 1998, appellee, Glen Pelc, was injured in a motor vehicle accident caused by the negligence of another. At the time of the accident, appellee was employed by Advance MicroFinish, Inc., insured under a commercial automobile, general liability and umbrella policy issued by appellant, The Hartford Fire Insurance Company. Appellee was not in the course and scope of his employment when the accident occurred.
 {¶ 2} On September 18, 2001, appellee filed a complaint for declaratory judgment seeking coverage under the Hartford policies. All parties filed motions for summary judgment. By judgment entry filed April 15, 2002, the trial court found in favor of appellee on the automobile and umbrella policies, and in favor of Hartford on the general liability policy. On appeal, this court affirmed the trial court's decision that appellee was an insured under the automobile and umbrella policies, but remanded the case to the trial court for a determination in light ofFerrando v. Auto-Owner Mut. Ins. Co., 98 Ohio St.3d 186, 2002-Ohio-7217. See, Pelc v. The Hartford Fire Insurance Company, Stark App. No. 2002CA00142, 2003-Ohio-764.
 {¶ 3} During the pendency of this case in the trial court, the Supreme Court of Ohio decided the case of Westfield Insurance Co. v. Galatis,100 Ohio St.3d 216, 2003-Ohio-5849. On December 9, 2003, Hartford filed a motion for summary judgment in light of this decision. By judgment entry filed January 2, 2004, the trial court denied the motion, findingGalatis did not apply "under the unique facts of this particular case."
 {¶ 4} Hartford filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court erred in denying summary judgment to appellant, the hartford fire ins. co. on the applicability OF Westfieldv. Galatis, where it is undisputed that appellee was not in the course and scope of his employment at the time of the accident."
 II {¶ 6} "The trial court erred in finding that Westfield v. Galatis was not applicable and determining that coverage existed for appellee where it is undisputed that appellee was not in the course and scope of his employment at the time of his accident."
 III {¶ 7} "The trial court erred and denied appellant the equal protection of the law when it failed to apply the Westfield v. Galatis decision and grant summary judgment to hartford."
 I, II {¶ 8} Hartford claims the trial court erred in failing to apply theGalatis decision to the case sub judice. We agree.
 {¶ 9} The issue in this case is whether the Galatis decision should apply or whether the law of the case doctrine should apply. Based upon the well reasoned opinion by the Honorable John W. Wise of this court inGooding v. National Fire Insurance Company of Hartford, Stark App. No. 2003CA00199, 2004-Ohio-693, ¶ 20-28, we find the Galatis opinion should apply. Therefore, the trial court erred in failing to apply the Galatis
decision in this case.
 {¶ 10} Assignments of Error I and II are granted. Assignment of Error III is moot.
 {¶ 11} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.